IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS MORE MARRONE, | : | |
| Plaintiff, | : | 20-cv-4405-JMY |
| | : | |
| vs. | : | |
| | : | |
| GEICO INSURANCE COMPANY, | : | |
| Defendant. | : | |

MEMORANDUM

Younge, J.                                                                                                          June 29, 2021

I.    **FACTS AND PROCEDURE:**

Currently before the Court is the Plaintiff's Motion for Summary Judgment. (Motion for Summary Judgment "MSJ", ECF No. 14.) Plaintiff brought this breach of contract and insurance bad faith action against Defendant, his insurance company, to recover first party benefits after he was struck by an underinsured motorist. (Complaint, Notice of Removal, ECF No. 1-2.) Plaintiff was operating a motorcycle on August 9, 2018 when he alleges, through no fault of his own, he was struck by an automobile and injured. (*Id.* ¶¶ 15-18.) Plaintiff alleges he fractured his right dominant hand in the accident which aggravated a pre-existing injury from a previous motorcycle accident. (*Id.* ¶¶ 19-24.) He specifically avers that he was diagnosed with a displaced phalangeal fracture, requiring hand surgery in August of 2018 with the insertion of two externally visible pins. (*Id.*) From a damage perspective, Plaintiff alleges *intra ilia* continuing pain and suffering along with a wage loss claim spanning from August of 2018 until January of 2019 in excess of $225,535. (*Id.* ¶¶ 29-30.) Plaintiff alleges that his condition has deteriorated since November 4, 2019. (*Id.* ¶ 54.)

Plaintiff previously injured both of his thumbs in a hit and run accident that occurred while he was operating a motorcycle on April 23, 2017. (*Id.* ¶¶ 33-34.) Following the 2017

accident, Plaintiff underwent a bilateral UCL reconstruction surgery to repair both of his thumbs. (*Id.* ¶¶ 34, 43.) Defendant paid Plaintiff $585,000 (out of $600,000 available) in uninsured motorist benefits to settle claims related to the 2017 crash. (*Id.* ¶ 35.) In this now current action, Plaintiff alleges aggravation to his pre-existing right thumb injury from the 2017 accident. (*Id.* ¶¶ 33-36.)

Defendant filed a subrogation action in relationship to the second accident that occurred in August of 2018 to recover property damage and rental expenses from the driver of the automobile, Edwin Gonzales-Paladines. *GEICO a/s/o Thomas Marrone v. Gonzales-Paladines*, No. 1964 (C.P. Philadelphia, Feb. 18, 2020). In the subrogation action, Defendant took the position that the negligence and carelessness of Mr. Gonzales-Paladines was the sole cause of the August 2018 accident. *Id.* (Complaint ¶¶ 7, 10.) Defendant further averred that Plaintiff was not responsible or at fault for the accident. *Id.* In the case *sub judice*, Defendant reverses its position on liability and now alleges that Plaintiff was at fault for the accident. (Answer, Eighth Affirmative Defense, ECF No. 13.)

## II. LEGAL STANDARD:

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In examining Defendant's motion, we must view the facts in the light most favorable to the nonmovant, drawing all reasonable inferences in his favor. *InterVest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 159-60 (3d Cir. 2003). Disagreements over what inferences may be drawn from the facts, even undisputed ones, preclude summary judgment. *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996). Credibility determinations, the drawing of legitimate inferences from facts, and the weighing of evidence are matters left to the jury. *Anderson v. Liberty Lobby*,

477 U.S. 242, 255 (1986).[1]

**III. DISCUSSION**:

Plaintiff argues that summary judgment is appropriate on the issue of liability and causation because the Defendant now advances a position on liability for the August 2018 accident that is inconsistent with the position it advanced in the subrogation action. (Memorandum in Support SJM, page 1-2, ECF No. 14.) He argues that Defendant should be precluded from contesting liability in this action because it previously pled that he was not at fault for the August 2018 accident in the subrogation action. (*Id.*) Plaintiff further argues that a partial award of $190,000.00 in damages plus interest, attorney's fees and costs is appropriate. (MSJ ¶ 3.)

In his motion for summary, Plaintiff failed to advance a coherent legal theory that prevents Defendant from contesting liability in this action. Assuming arguendo, that Plaintiff is attempting to rely on the doctrine of judicial estoppel, his argument is unpersuasive and does not justify entry of summary judgment.[2] For purposes of judicial estoppel, Plaintiff failed to establish that inconsistent positions on liability were taken in bad faith or for the purpose of making a mockery of the court system. The subrogation action is and was a separate legal action to recover expenses from the driver who allegedly struck Plaintiff. Plaintiff came forward with no evidence to suggest that Defendant acted outside of its rights in filing the subrogation action and seeking to recover from Mr. Gonzales-Paladines. Plaintiff further failed to establish that Defendant was not entitled to present a defense in this action. Therefore, the Court will not apply principles of judicial estoppel to preclude Defendant's defense.

The inapplicability of the doctrine of judicial estoppel is further supported by the fact that the allegations from the subrogation action that Plaintiff seeks to admit are legal conclusions.

For example, Plaintiff seeks to offer the legal conclusion that Mr. Gonzales-Paladines was the sole cause of the August 2018 accident and that Plaintiff was not responsible or at fault. (Memorandum in Support SJM, page 1-2, ECF No. 14.) Courts located within the Third Circuit have traditionally been reluctant to apply the doctrine of judicial estoppel to legal conclusions contained in pleadings. *W.V. Realty Inc. v. Northern Ins. Co.*, 334 F.3d 306. 316 (3d Cir. June 27, 2003) (stating in dicta that legal conclusions in pleadings may not be used as evidentiary admissions and finding prejudicial error in use of legal conclusions contained in a subrogation compliant when admitted into evidence at trial.). Generally, a judicial admission is an admission in a pleading or stipulation which does not have to be proven in the same litigation. *Giannone v. U.S. Steel Corp.*, 238 F.2d 544, 548 (3d Cir. 1956) ("Bearing in mind that legal conclusions are not admissions . . . we do not find that the broad language that [the defendant/third-party plaintiff] used against [the third-party defendant] reasonably capable of interpretation as factual admissions of faulty maintenance.").

In his motion for summary judgment, Plaintiff did not argue that the doctrine of collateral estoppel was applicable. However, assuming arguendo that Plaintiff was attempting to invoke the doctrine of collateral estoppel, this argument would fail as well. Simply stated, there is nothing to show that the subrogation action was resolved on its merits which is a necessary element of collateral estoppel. Collateral estoppel prevents subsequent litigation of an issue of fact or law that has been determined and resolved in a prior court proceeding. *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). The doctrine applies when each of the following four elements is satisfied: (1) an issue decided in a prior action is identical to one presented in a later action; (2) the prior, action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the

prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 310 (3d Cir. 2009). The party asserting collateral estoppel bears the burden of showing that it applies. *Greenway Ctr., Inc. v. Essex Ins. Co.*, 145 F.3d 139, 147 (3d Cir. 2007) (3d Cir. 2007) ("The party asserting issue preclusion . . . bears the burden of proving its applicability to the case at hand."). Plaintiff failed to carry his burden of proof in this instance.

## IV. CONCLUSION:

Plaintiff has the burden of proof on both his breach of contract and insurance bad faith claim. Additionally, he must prove insurance bad faith by clear and convincing evidence which he has failed to at the summary judgment stage. Therefore, summary judgment in his favor on the issue of liability and causation is not appropriate. Plaintiff also failed to establish that he is entitled to an advance of proceeds under policy provisions. Under Pennsylvania law, the Court is not aware of any duty on the part of an insurer to make a partial payment on a UIM claim in the absence of a contractual provision requiring a partial payment or an agreement between the parties as to the value of a UIM claim. *Mararchi v. Seneca Specialty Ins. Co.*, No. 10-3617, 2013 U.S. Dist. LEXIS 40513 (E.D. Pa. March 22, 2013); *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 227 (3d Cir. 2000); *Williams v. National Mut. Ins. Co.*, 750 A.2d 881, 889 (Pa. Super. 2000); *Zappile v. Amex Assur. Co.*, 928 A.2d 251, 261-262 (Pa. Super. 2007).

                                                    BY THE COURT:

                                                     /s/ John Milton Younge
                                                Judge John Milton Younge

―――――――――――――

[1] Plaintiff carries the burden of proof in this action. "Under Pennsylvania law, a claim for breach of a contract requires three elements: (1) the existence of a contract, including its material terms; (2) breach of a duty imposed by the contract; and (3) resultant damages." *Gladstone Tech., Partners, v. Dalh*, 222 F. Supp.3d 432, 440 (E.D. Pa. 2016). "[T]o prevail in a bad faith insurance claim pursuant to Section 8371, a plaintiff must demonstrate, by clear and convincing evidence, (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Rancosky v. Wah. Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017).

[2] Judicial estoppel is an equitable doctrine, which courts may apply at their discretion "to prevent a litigant from asserting a position inconsistent with one that she previously asserted in the same or in a previous proceeding." *Prosser v. Carroll (In re Prosser)*, 534 Fed. Appx. 126, 130 (3d Cir. 2013). "Though there is no rigid test for judicial estoppel, three factors inform a federal court's decision whether to apply it: there must be (1) irreconcilably inconsistent positions; (2) adopted in bad faith; and (3) a showing that estoppel addresses the harm and no lesser sanction is sufficient." *G-I Holding, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 262 (3d Cir. 2009). Bad faith for judicial estoppel purposes has been defined as an "intent to play fast and loose with the court," *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 361 (3d Cir. 1996), and therefore does not exist when "inconsistent positions are asserted in good faith or through inadvertence." *In re Chambers Dev. Co.*, 148 F.3d 214, 229 (3d Cir. 1998). Bad faith is also typically not found when the inconsistent positions advanced represent legal theories rather than factual matters. *See Palcsesz v. Midland Mut. Life. Ins. Co.*, 87 F. Supp. 2d 409, 413 (D.N.J. 2000) ("[C]ourts have been reluctant to apply judicial estoppel where a statement contains a legal conclusion, as distinguished from a purely factual inconsistency." (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795 (1999).) Finally, the Third Circuit has stated that "a party has not displayed bad faith for judicial estoppel purposes if the initial claim was never accepted or adopted by a court or agency." *Montrose Med. Grp. v. Bulger*, 243 F.3d 773, 778 (3d Cir. 2001); *see also G-I Holdings*, 586 F.3d at 262 ("J]udicial estoppel is generally not appropriate where the defending party did not convince [a court or agency] to accept its earlier position.").